## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

BIO-TEC ENVIRONMENTAL, LLC,
a New Mexico Limited Liability Company,
and JOHN LAKE,

        Plaintiffs,

vs.                                                                    No. CIV 11-0236 JB/ACT

SAMUEL ADAMS, JOY EVANS,
NEVIN BAHADIRLI, JAMES ROONEY,
CARL DOELLSTEDT, AND
JOHN/JANE DOES 1-10,

        Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Plaintiffs' Expedited Motion to Remand,

filed March 28, 2011 (Doc. 14); (ii) the Defendants James Rooney's Carl Doellstedt's Motion to file

a Surreply, filed April 20, 2011 (Doc. 30); (iii) the Plaintiffs' Motion to Extend Briefing Schedule

on "Other Motions" Pending Ruling on Motion to Remand, filed March 30, 2011 (Doc. 17); and (iv)

the Joint Motion to Seal Court Record, filed March 28, 2011 (Doc. 24). The Court held a hearing

on May 18, 2011. The primary issues are: (i) whether the Plaintiffs fraudulently joined Defendants

Samuel Adams and Nevin Bahadirli to destroy diversity jurisdiction; (ii) whether the Court should

remand this case to the Second Judicial District Court, County of Bernalillo, state if New Mexico

for lack of subject-matter jurisdiction; (iii) whether the Court should award the Plaintiffs costs and

expenses pursuant to 28 U.S.C. § 1447(c); (iv) whether the Court should grant Rooney and

Doellstedt leave to file a surreply; (v) whether the Court should stay briefing on other motions

pending the Court's decision on the Motion to Remand; and (vi) whether the Court should seal court

records to protect alleged trade secrets.  The Court concludes that the Plaintiffs did not fraudulently join Adams and remands this case to the Second Judicial District Court for lack of subject-matter jurisdiction.  The Court will not award costs and expenses, because the Defendants' removal was not objectively unreasonable.  The Court grants Rooney and Doellstedt leave to file a surreply.  The Court stays briefing, because remanding this case to state court may alter the import and applicable standards, or eliminate some motions.  The Court will seal certain records to preserve the status quo and allow the state court to resolve whether information is trade secret.

## FACTUAL BACKGROUND

This action involves a business dispute arising out of Adams' decision to terminate his membership interest in Plaintiff Bio-Tec Environmental, LLC, and create his own company. Bio-Tec Environmental brought this lawsuit alleging Adams, one of its two founders and Senior Vice President of Marketing and Sales, breached his fiduciary duties and committed other alleged torts when he severed his relationship with Bio-Tec Environmental and started his own business that allegedly competes with Bio-Tec Environmental.  See Amended Complaint for Damages and Injunctive Relief for Breach of Fiduciary Duty, Civil Conspiracy, Intentional Interference with Contract, Interference with Prospective Advantage, Unfair Trade Practices, Misappropriation [sic] of Trade Secrets in Violation of Uniform Trade Secrets Act, Spoiliation [sic] of Evidence and Unjust Enrichment (dated January 4, 2011), filed March 18, 2011 (Doc. 6-1 at 2)("Amended Complaint"). The Plaintiffs further allege that Defendant Nevin Bahadirli "traveled extensively with defendant Adams on [Bio-Tec Environmental]'s expense account," Amended Complaint ¶ 5, at 2, and that she "call[ed] on customers and business contacts of [Bio-Tec Environmental] at a time when Adams was still employed and owed fiduciary duties to [Bio-Tec Environmental]," id. ¶ 28, at 6.  The Plaintiffs further allege that "Bahadirli knew, or reasonably should have known, that her expenses were being

paid by [Bio-Tec Environmental], yet accepted the payment and was thereby unjustly enriched." Amended Complaint ¶ 29, at 6.

## PROCEDURAL BACKGROUND

Plaintiffs Bio-Tec Environmental and John Lake filed suit in state court against Defendants Adams and "John/Jane Does 1-10" in November 2010. See Complaint for Damages and Injunctive Relief for Breach of Fiduciary Duty, Civil Conspiracy, Intentional Interference with Contract, Interference with Prospective Advantage, Unfair Trade Practices, Misapropriation·of Trade Secrets in Violation of Uniform Trade Secrets Act (dated November 29, 2010), filed March 18, 2011 (Doc. 6-1 at 18). Adams is a New Mexico resident and was served in New Mexico. See Samuel Adams Summons (dated January 3. 2011), filed March 18, 2011 (Doc. 6-7 at 27-28)("Complaint"). Bio-Tec is a New Mexico Limited Liability Company, and Lake is a New Mexico resident. See Complaint ¶ 13, at 1. The Plaintiffs obtained a Temporary Restraining Order against defendant Adams on December 3, 2010 in state court. See Temporary Restraining Order (dated December 3, 2010), filed March 18, 2011 ( Doc. 6-2 at 32).

Adams filed a motion to compel arbitration on December 7, 2010. See Defendant's Expedited Motion to Compel Arbitration, Dismiss or Stay Proceedings, Vacate Hearing on Preliminary Injunction, and Vacate Temporary Restraining Order (dated December 7, 2010), filed March 18, 2011 (Doc. 6-2 at 43)("Motion to Compel Arbitration"). Adams' Motion to Compel Arbitration was based on a provision in the Bio-Tec Environmental Operating Agreement that reads in relevant part:

> The Members agree that in the event of any dispute or disagreement solely between or among any of them arising out of, relating to or in connection with this Agreement or the Company or its organization, formation, business or management ("Member Dispute"), the Members shall use their best efforts to resolve any dispute arising out of or in connection with this Agreement by good-faith negotiation and mutual agreement.

. . . .

However, in the event that the Members are unable to resolve any Member Dispute, such parties shall first attempt to settle such dispute through a nonbinding mediation proceeding.  In the event any party to such mediation proceeding is not satisfied with the result thereof, then any unresolved disputes shall be finally settled in accordance with an arbitration proceeding.

Defendant James Rooney and Carl Doellstedt's Notice of Removal ¶ 6, at 3, filed March 16, 2011 (Doc. 1)("Notice of Removal")(emphasis added).[1]  The Plaintiffs filed their Amended Complaint on January 4, 2011, adding Bahadirli, and Defendant Joy Evans, Rooney, and Doellstedt as co-conspirator Defendants.  See Amended Complaint at 1.  On January 5, 2011, the Plaintiffs responded to Adams' Motion to Compel Arbitration, arguing that, because the claims were between Bio-Tec, which is not a signatory to the arbitration clause, and because the claims were against Adams in his capacity as an employee -- and not in his capacity as a member of the limited liability company -- the dispute was not a "dispute or disagreement solely between or among" members of Bio-Tec.  Plaintiffs' Response in Opposition to Defendant's Motion to Compel Arbitration at 1, 5-7 (dated January 5, 2011), filed March 18, 2011 (Doc. 6-9 at 1).  The state court, acknowledging that 'there are no New Mexico cases that address the application of an arbitration agreement to an LLC, which separately is not a signatory to the arbitration agreement," and that '[t]here is a split in . . . authority" outside New Mexico, granted Adams' motion to compel arbitration on March 14, 2011, staying the state court case.  Order (dated March 14, 2011), filed March 28, 2011 (Doc. 14-1 at 1).  The Plaintiffs filed their Notice of Appeal from the state trial court's order compelling arbitration on March 17, 2011.  See Doc. 14-2.  That same day, the Plaintiffs also filed a motion with the state court to stay the order compelling arbitration, pending the outcome of the appeal to the

_____

[1] The Court cites to the Notice of Removal because the parties did not provide a copy of the arbitration clause.

-4-

Court of Appeals of New Mexico.  See Expedited Motion to Stay and to Fix Bond (dated March 17, 2011), filed March 28, 2011 (Doc. 14-3).

Bahadirli filed a Motion to Dismiss her as a Defendant on February 15, 2011.  See Doc. 6-18 at 23.  The Plaintiffs filed A·Response in Opposition to Defendant Bahadirli's Motion to Dismiss on March 14, 2011.  See Doc. 6-20 at 9.  That motion has not been heard and remains pending.

On March 16, 2011, Rooney and Dollstedt filed a Notice of Removal with the Court and in the state court.  The Plaintiffs received the Notice of Removal through the mail on March 17, 2011.  Rooney and Dollstedt contend that, because the state court granted Adams' Motion to Compel Arbitration, the Court has diversity jurisdiction over this case.

The Plaintiffs move the Court to remand this case to the Second Judicial District Court of New Mexico pursuant to 28 U.S.C. §§ 1446(c)(4) and 1447(c), for lack of diversity jurisdiction under 28 U.S.C. § 1332.  The Plaintiffs also request expedited consideration of the motion.  Pursuant to 28 U.S.C. § 1447(c), the Plaintiffs further request the Court to award costs and expenses, including attorney fees, incurred as a result of the improper removal.

The Defendants make two assertions to support their claim of diversity jurisdiction -- and they must prevail on both assertions to establish jurisdiction: (i) that the original defendant -- Adams -- was "fraudulently joined," because the state court ultimately granted his contested motion to compel arbitration; and (ii) that the later-joined defendant -- Bahadirli -- was fraudulently joined, because "there is no basis in fact or law . . . to assert any claims" against her.  Defendants James Rooney and Carl Doellstedt's Response in Opposition to Motion to Remand at 9, filed April 11, 2011 (Doc. 20)("Response").  The Plaintiffs reply that the arbitration clause is insufficient to render their claims against Adams fraudulent, and note that they have set forth allegations against Bahadirli that she contacted Bio-Tec's customers and was unjustly enriched from misappropriated funds.  See

-5-

Reply in Support of Plaintiffs' Motion to Remand, filed April 14, 2011 (Doc. 26).

The Plaintiffs note that there is a separate but related proceeding pending in the District Court of New Mexico the Honorable Judith Herrera, United States District Court Judge, and the Honorable Lorenzo Garcia, United States Magistrate Judge. See Ecologic Solutions v. Bio-Tec, 10-cv-1220 JH/LG. In that case, the Plaintiff has sought to compel arbitration of, among other things, the dispute that exists between the Plaintiffs in this case, Bio-Tec, and Lake, and the Defendants who have removed this case to federal court, Rooney and Dollstedt.

At the May 18, 2011 hearing, the Plaintiffs stated that they had no opposition to the Defendants filing a surreply, because they would have the opportunity to respond at the hearing. See Transcript of Hearing at 4:19-25 (Court, Reider)("Tr.").[2] The Defendants stated that the removal "is based upon the fact that this entire Complaint should never have been filed against [Adams] in the first place." Tr. at 33:14-16 (Gantz). The Defendants further stated that, for the purposes of the Motion to Remand, they do not take issue with the merits of the Plaintiffs' claims, but that they argue the Plaintiffs could not bring a claim against Adams in state court in light of the arbitration clause in this case, and "the point of all this inquiry is whether or not [the Plaintiffs] should have filed that case in the very first place." Tr. at 35:1-3 (Gantz). See id. at 43:16-24 ("THE COURT: So your argument is not that these are just worthless or meritless claims; your argument is that it's fraudulent joinder because there was an absolute right to arbitration and the plaintiff should have never filed against Adams in state court. MR. GANTZ:  Right."). The Defendants concede there is no federal question jurisdiction. See Tr. at 35:22-24 ("THE COURT: . . . You're not suggesting that your removal can be based on any way on federal question jurisdiction. MR.

_____

[2] The Court's citations to the transcript of the hearing refers to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

GANTZ: No we're not, Your Honor.").

At the hearing, the Court, after indicating it was inclined to remand, stated that it would grant the Motion to Extend Briefing Schedule on "Other Motions" Pending Ruling on Motion to Remand, because remand would likely affect the briefing substance and the relevance of the motions.  The Court also stated that it would grant the Joint Motion to Seal Court Record, filed March 28, 2011 (Doc. 14).  The Court need not and does not decide whether the records the parties seek to seal involve trade secrets; rather, the Court seeks to preserve the status quo so that the state court or the arbitrator may decide whether the information is a trade secret and determine how to proceed.

## LAW REGARDING REMOVAL AND REMAND

If a civil action filed in state court satisfies the requirements for original federal jurisdiction, the defendant may invoke 28 U.S.C. § 1441(a) to remove the action to the federal district court "embracing the place where such action is pending."  28 U.S.C. § 1441(a).  See Huffman v. Saul Holdings Ltd. P'ship., 194 F.3d 1072, 1076 (10th Cir. 1999)("When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant or defendants may remove the action to federal court . . . .")(quoting Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)).  Under 28 U.S.C. § 1332(a), a federal district court possesses original subject-matter jurisdiction over a case when the parties are diverse in citizenship and the amount in controversy exceeds $75,000.00.  See 28 U.S.C. § 1332(a); Johnson v. Rodrigues, 226 F.3d 1103, 1107 (10th Cir. 2000).  Diversity between the parties must be complete.  See Caterpillar Inc. v. Lewis, 519 U.S. at 68; Radil v. Sanborn W. Camps, Inc., 384 F.3d 1220, 1225 (10th Cir. 2004).

To remove a case based on diversity, the diverse defendant must demonstrate that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied.  "It is

well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals." Pritchett v. Office Depot, Inc., 404 F.3d 1232, 1235 (10th Cir. 2005)(citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941), and United States ex rel. King v. Hillcrest Health Ctr., 264 F.3d 1271, 1280 (10th Cir. 2001)). "All doubts are to be resolved against removal." Fajen v. Found. Reserve Ins. Co., 683 F.2d 331, 333 (10th Cir. 1982). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002).

"[A] fraudulent joinder analysis [is] a jurisdictional inquiry." Albert v. Smith's Food & Drug Ctrs., Inc., 356 F.3d 1242, 1247 (10th Cir. 2004). "A district court may disregard a nondiverse party named in the state court complaint and retain jurisdiction if joinder of the nondiverse party is a sham or fraudulent." Baeza v. Tibbetts, Civ. No. 06-0407, 2006 U.S. Dist. LEXIS 95317, at *7 (D.N.M. July 7, 2006)(Vazquez, J.). The Supreme Court of the United States has stated: "Merely to traverse the allegations upon which the liability of the resident defendant is rested or to apply the epithet 'fraudulent' to the joinder will not suffice: the showing must be such as compels the conclusion that the joinder is without right and made in bad faith." Chesapeake & O.R. Co. v. Cockrell, 232 U.S. 146, 152 (1914). The United States Court of Appeals for the Tenth Circuit has explained that allegations of fraudulent joinder complicate the analysis whether removal is proper, because, "[w]hile a court normally evaluates the propriety of a removal by determining whether the allegations on the face of the complaint satisfy the jurisdictional requirements, fraudulent joinder claims are assertions that the pleadings are deceptive." Nerad v. AstraZeneca Pharms., Inc., 203 F.

App'x 911, 913 (10th Cir. 2006)(unpublished opinion).[3]  In cases where fraudulent joinder is asserted, the Tenth Circuit instructs that the court should "pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available."  Dodd v. Fawcett Publications, Inc., 329 F.2d 82, 85 (10th Cir. 1964)(citations omitted).

The party asserting fraudulent joinder bears the burden of proof.  See Montano v. Allstate Indemnity Co., 211 F.3d 1278, 2000 WL 525592, at *1 (10th Cir. 2000)(Table)(unpublished opinion)("The case law places a heavy burden on the party asserting fraudulent joinder.").  "To justify removal based on diversity jurisdiction, a defendant must plead a claim of fraudulent joinder with particularity and prove the claim with certainty."  Couch v. Astec Indus., Inc., 71 F. Supp. 2d 1145, 1146-47 (D.N.M. 1999)(Baldock, J.).

The last published Tenth Circuit decision to state the burden of proof for demonstrating fraudulent joinder was issued over forty years ago in Smoot v. Chicago, Rock Island & Pac. R.R. Co., 378 F.2d 879 (10th Cir. 1967).  The Tenth Circuit requires that fraudulent joinder be "established with complete certainty upon undisputed evidence."  Smoot v. Chicago, Rock Island & Pac. R.R. Co., 378 F.2d at 882.  In Smoot v. Chicago, Rock Island & Pac. R.R. Co., the Tenth Circuit stated two bases for finding fraudulent joinder: (i) "[t]he joinder of a resident defendant against whom no cause of action is stated is patent sham;" or (ii) "though a cause of action be stated, the joinder is similarly fraudulent if in fact no cause of action exists."  Smoot v. Chicago, Rock Island & Pac. R.R. Co., 378 F.2d at 882 (quoting Dodd v. Fawcett Pubs., Inc., 329 F.2d 82, 85 (10th Cir. 1964)).  In Smoot v. Chicago, Rock Island & Pac. R.R. Co., the Tenth Circuit found fraudulent

---

[3] Tenth Circuit rule 32.1(A) states: "The citation of unpublished decisions is permitted to the full extent of the authority found in Fed. R. App. P. 32.1.  Unpublished decisions are not precedential, but may be cited for their persuasive value."

joinder because the non-liability of the joined party was "established with complete certainty upon undisputed evidence."  378 F.2d at 882.  "This does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty."  378 F.2d at 882.  In Smoot v. Chicago, Rock Island & Pac. R.R. Co., the plaintiff died when his car collided with a freight train. The plaintiff's estate sued the railroad company and joined a non-diverse alleged employee as a defendant.  It was undisputed in Smoot v. Chicago, Rock Island & Pac. R.R. Co., that the diversity-destroying party's employment with the railroad company had "terminated almost fifteen months before the collision and that he was in no way connected with the acts of negligence ascribed to him."  378 F.2d at 881.

In recent unpublished decisions, the Tenth Circuit has adopted two different articulations of the burden of proof for fraudulent joinder, both from the United States Court of Appeals for the Fifth Circuit.  In Montano v. Allstate Indemnity Co., the Tenth Circuit quoted favorably from Hart v. Bayer Corp., 199 F.3d 239 (5th Cir. 2000), which stated:

> To prove their allegation of fraudulent joinder [the removing parties] must demonstrate that there is no possibility that [plaintiff] would be able to establish a cause of action against [the joined party], in state court.  In evaluating fraudulent joinder claims, we must initially resolve all disputed questions of fact and all ambiguities in the controlling law in favor of the non-removing party.  We are then to determine whether that party has any possibility of recovering against the party whose joinder is questioned.

Montano v. Allstate Indemnity Co., 211 F.3d 1278, 2000 WL 525592, at *4-5 (quoting Hart v. Bayer Corp., 199 F.3d at 246)(quotation omitted; brackets in original).  The Tenth Circuit stated that the standard for proving fraudulent joinder "is more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6); indeed, the latter entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action commenced."  Montano v. Allstate

Indemnity Co., 211 F.3d 1278, 2000 WL 525592, at *2.  The Tenth Circuit in Montano v. Allstate

Indemnity Co. also quoted from Batoff v. State Farm Ins. Co., 977 F.2d 848 (3d Cir. 1992), which

stated: "A claim which can be dismissed only after an intricate analysis of state law is not so wholly

insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction."  Batoff

v. State Farm Ins. Co., 977 F.2d at 853.

        In Nerad v. AstraZeneca Pharms., Inc., the Tenth Circuit adopted a different articulation of

the burden of proof.  The Tenth Circuit stated that, where fraudulent joinder is claimed, "the court

must decide whether there is a reasonable basis to believe the plaintiff might succeed in at least one

claim against the non-diverse defendant."  Nerad v. AstraZeneca Pharms., Inc., 203 F. App'x at 913

(citing Badon v. RJR Nabisco, Inc., 224 F.3d 382, 393 (5th Cir. 2000)).  The Tenth Circuit explained

that "[a] 'reasonable basis' means just that: the claim need not be a sure-thing, but it must have a

basis in the alleged facts and the applicable law."  Nerad v. AstraZeneca Pharms., Inc., 203 Fed.

Appx. at 913.

        The Fifth Circuit recognized the inconsistencies in the standard for fraudulent joinder and

directly addressed the problem in Travis v. Irby, 326 F.3d 644 (5th Cir. 2003):

> Neither our circuit nor other circuits have been clear in describing the fraudulent
> joinder standard.  The test has been stated by this court in various terms, even within
> the same opinion.  For example, the Griggs [v. State Farm Lloyds, 181 F.3d 694 (5th
> Cir. 1999)] opinion states, "To establish that a non-diverse defendant has been
> fraudulently joined to defeat diversity, the removing party must prove . . . that there
> is absolutely no possibility that the plaintiff will be able to establish a cause of action
> against the non-diverse defendant in state court." 181 F.3d at 699 [citations omitted].
> The Griggs opinion later restates that test as follows -- "Stated differently, we must
> determine whether there is any reasonable basis for predicting that [the plaintiff]
> might be able to establish [the non-diverse defendant's] liability on the pleaded
> claims in state court." 181 F.3d at 699 [citations omitted].  Similarly, in summing up
> federal law, Moore's Federal Practice states at one point: "To establish fraudulent
> joinder, a party must demonstrate ... the *absence of any possibility* that the opposing
> party has stated a claim under state law." 16 Moore's Federal Practice
> § 107.14[2][c][iv][A] (emphasis added).  It then comments: "The ultimate question

is whether there is arguably a *reasonable basis* for predicting that state law might impose liability on the facts involved." Id. (emphasis added). Although these tests appear dissimilar, "absolutely no possibility" vs. "reasonable basis," we must assume that they are meant to be equivalent because each is presented as a restatement of the other.

Travis v. Irby, 326 F.3d at 647 (emphasis in original). The Fifth Circuit has settled upon the

phrasing that:

the test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.

Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004)("To reduce possible confusion,

we adopt this phrasing of the required proof and reject all others, whether the others appear to

describe the same standard or not."). In Zufelt v. Isuzu Motors America, L.C.C., 727 F. Supp. 2d

1117, 1124 (D.N.M. 2009)(Browning, J.), the Court addressed the standard courts should use when

addressing fraudulent joinder and found that, to establish that a party was fraudulently joined, a

defendant has the burden of demonstrating that "there is no possibility that the plaintiff would be

able to establish a cause of action" against the party alleged to be fraudulently joined. Zufelt v.

Isuzu Motors Am., L.C.C., 727 F. Supp. 2d at 1124-25 (citing Montano v. Allstate Indem. Co., 211

F.3d 1278, 2000 WL 525592, at *4-5).

An order to remand by a district court based on a finding of fraudulent joinder is not

reviewable by the Tenth Circuit. See Nerad v. AstraZeneca Pharms., Inc., 203 F. App'x at 913

(holding that, because the district court remanded based on its conclusion that it lacked subject-

matter jurisdiction at the time of removal, the Tenth Circuit was precluded from reviewing the order

pursuant to 28 U.S.C. § 1447(d)). The fraudulent-joinder inquiry on a motion to remand is a

subject-matter jurisdiction inquiry. See Albert v. Smith's Food & Drug Ctrs., Inc., 356 F.3d at 1247.

-12-

## ANALYSIS

The Plaintiffs contend that the Court must remand this case to the state court, because the Court has neither diversity jurisdiction nor federal-question jurisdiction over this case, and a "court lacking jurisdiction . . . must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir.), cert. denied, 516 U.S. 863 (1995) (citations omitted). The Defendants assert that the Court has diversity jurisdiction over the case, because the Plaintiffs fraudulently joined Adams -- despite a contractual obligation to resolve disputes through arbitration -- and Bahadirli. The Court finds that the Plaintiffs did not fraudulently join Adams, because they have a reasonable argument that the arbitration clause does not apply in this case. The Plaintiffs have also alleged a viable prima-facie case of unjust enrichment against Bahadirli. Because the Court finds that the Plaintiffs did not fraudulently join Adams or Bahadirli, there is no diversity jurisdiction, and the Court lacks subject-matter jurisdiction. The Court will thus remand this case. The Court will not, however, award the Plaintiffs costs and attorneys fees, because it cannot say that the Defendants lacked an objectively reasonable basis for seeking removal. For the reasons stated on the record at the hearing, the Court also grants the Motion to Extend Briefing Schedule on "Other Motions" Pending Ruling on Motion to Remand and the Joint Motion to Seal Court Record.

## I.     THE PLAINTIFFS DID NOT FRAUDULENTLY JOIN ADAMS.

The Plaintiffs argue that they did not fraudulently join Adams. The Defendants respond that the state court's grant of Adams' Motion to Compel Arbitration demonstrates that the arbitration clause required the Plaintiffs to submit to binding arbitration and not to bring their claims to court. The Defendants contend that the arbitration clause rendered the Plaintiffs without a cause of action against Adams. The Defendants argue that, because the state trial court found that all of Bio-Tec

Environmental's claims against Adams are subject to arbitration, they could not be maintained in the state court as only the arbitrator has the authority and power to order any relief.

The Federal Arbitration Act, 9 U.S.C. §§ 1 through 16, governs the power of arbitration clauses in commerce and maritime contracts. Section 2 of Title 9 of the United States Code provides:

> A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. "The FAA thereby places arbitration agreements on an equal footing with other contracts, and requires courts to enforce them according to their terms." Rent-A-Center, W., Inc. v. Jackson, 130 S. Ct. 2772, 2776 (2010)(citing Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 443 (2006); Volt Info. Sci., Inc. v. Bd of Trustees of Leland Stanford Junior Univ., 489 U.S. 468, 478 (1989)). "Like other contracts, however, they may be invalidated by "generally applicable contract defenses, such as fraud, duress, or unconscionability." Rent-A-Center, W., Inc. v. Jackson, 130 S. Ct. at 2776 (citing Doctor's Assocs., Inc. v. Casarotto, 517 U.S. 681, 687 (1996)).

In Prima Paint Corp. v. Flood & Conklin Manufacturing Co., 388 U.S. 395 (1967), the Supreme Court of the United States held that, once a court determines that a claim is subject to arbitration, the court is without authority to address the merits of the claim. See 388 U.S. at 400 ("Section 3 requires a federal court in which suit has been brought 'upon any issue referable to arbitration under an agreement in writing for such arbitration' to stay the court action pending arbitration once it is satisfied that the issue is arbitrable under the agreement."). The Supreme Court recently reasserted this principle. See Rent-A-Center, W., Inc. v. Jackson, 130 S. Ct. at 2776-77.

In <u>Rent-A-Center, W., Inc. v. Jackson</u>, the Supreme Court addressed an arbitration clause that

> provided for arbitration of all "past, present or future" disputes arising out of Jackson's employment with Rent-A-Center, including "claims for discrimination" and "claims for violation of any federal . . . law." It also provided that "[t]he Arbitrator, and not any federal, state, or local court or agency, shall have exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability or formation of this Agreement including, but not limited to any claim that all or any part of this Agreement is void or voidable."

<u>Rent-A-Center, W., Inc. v. Jackson</u>, 130 S. Ct. at 2775 (citations to the record omitted). The

plaintiffs contended that the arbitration clause was unconscionable and argued that a court, and not

an arbitrator, could decide it was therefore unenforceable. The Supreme Court rejected this

argument, stating:

> The delegation provision is an agreement to arbitrate threshold issues concerning the arbitration agreement. We have recognized that parties can agree to arbitrate "gateway" questions of "arbitrability," such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy. <u>See</u>, <u>e.g.</u>, <u>Howsam [v. Dean Witter Reynolds, Inc.</u>, 537 U.S. 79, 83-85 (2002)]; <u>Green Tree Financial Corp. v. Bazzle</u>, 539 U.S. 444, 452 . . . (2003) (plurality opinion). This line of cases merely reflects the principle that arbitration is a matter of contract. <u>See First Options of Chicago, Inc. v. Kaplan</u>, 514 U.S. 938, 943 . . . (1995). An agreement to arbitrate a gateway issue is simply an additional, antecedent agreement the party seeking arbitration asks the federal court to enforce, and the FAA operates on this additional arbitration agreement just as it does on any other.

<u>Rent-A-Center, W., Inc. v. Jackson</u>, 130 S. Ct. at 2777-78.

Unlike the arbitration clause at issue in <u>Rent-A-Center, W., Inc. v. Jackson</u>, Adams'

arbitration clause did not "agree to arbitrate 'gateway' questions of 'arbitrability,'" <u>Rent-A-Center,</u>

<u>W., Inc. v. Jackson</u>, 130 S. Ct. at 2777, leaving to the courts the task of determining the gateway

issue whether this dispute falls within the arbitration clause's scope of a "dispute or disagreement

solely between or among" members of Bio-Tec. Notice of Removal ¶ 6, at 3. <u>See</u> <u>Prima Paint Corp.</u>

<u>v. Flood & Conklin Mfg. Co.</u>, 388 U.S. at 400 (stating a court must first "satisf[y] [itself]  that the

issue is arbitrable under the agreement"). The Defendants contend that "Adams is fraudulently

joined because the state court is without authority to grant Bio-Tec any relief."  Response at 8.

The state court's decision, however, does not demonstrate that the Plaintiffs fraudulently joined Adams.  "To justify removal based on diversity jurisdiction, a defendant must plead a claim of fraudulent joinder with particularity and prove the claim with certainty."  Couch v. Astec Inds., Inc., 71 F. Supp. 2d at 1146-47.

> While Montano v. Allstate Indemnity Co. and Nerad v. AstraZeneca Pharmaceuticals, Inc. are unpublished Tenth Circuit cases, the Court concludes that, read together and informed by the Fifth Circuit's opinion in Smallwood v. Illinois Central Railroad Co., they represent the proper standard that the Court should apply when a removing defendant argues that the plaintiff has fraudulently joined a non-diverse party -- that "remand is required if any one of the claims against the non-diverse defendant . . . is possibly viable."

Zufelt v. Isuzu Motors America, L.C.C., 727 F. Supp. 2d at 1128 (citing Monsanto v. Allstate Indemnity Co., 2000 WL 525592, at *2; Nerad v. AstraZeneca Pharms., Inc., 203 F. App'x at 913 ("As we read the order, the [district] court determined that success was reasonably possible at the time of removal because, although the plaintiff might be required to amend his complaint, that amendment would be allowed as a matter of course.")).  Monsanto v. Allstate Indemnity Co. and Nerad v. AstraZeneca Pharms., Inc. are in accord with Smoot v. Chicago, Rock Island & Pac. R.R. Co., which although over forty-years old, is the last significant published Tenth Circuit decision on fraudulent joinder.  Smoot v. Chicago, Rock Island & Pac. R.R. Co. requires that fraudulent joinder be "established with complete certainty upon undisputed evidence."  378 F.2d at 882.

Although the state court concluded that the arbitration clause applied to the Plaintiffs' claims against Adams, this conclusion is not "established with complete certainty upon undisputed evidence."  378 F.2d at 882.

> Courts that have considered the issue of whether an arbitration agreement between a plaintiff and a non-diverse defendant renders the joinder of the non-diverse defendant fraudulent have uniformly concluded that the existence of an arbitration

-16-

agreement "does not yield the conclusion that Plaintiff has failed to state a colorable basis for a claim . . . ."

Cobalt Mining, LLC. v. Bank of Am., N.A., CIV.A. 3:07-CV-598S, 2008 WL 695887 at *3 (W.D. Ky. Mar. 12, 2008)(rejecting defendant's argument that an arbitration clause established fraudulent joinder and remanding where the defendant removed case after state court dismissed non-diverse party because of an arbitration clause). See Frank v. Am. Gen. Fin., Inc., 23 F. Supp. 2d 1346, 1350-51 (S.D. Ala. 1998)("[I]t must be said that the existence of the arbitration agreement does not divest the court, either state or federal, of subject matter jurisdiction and that the joinder of a resident defendant is therefore not fraudulent merely because only arbitrable claims have been asserted against that defendant.").[4] Moreover, the Court, were it presented with the issue, might well agree

---

[4] The Defendants cite Rivera v. Smith's Food and Drug Centers, No. CIV 05-1049, 2006 U.S. Dist. LEXIS 76760, at *5-13 (D.N.M. Feb. 17, 2006)(Brack, J.) for the proposition that a plaintiff who "failed to exhaust her administrative remedies under the New Mexico Human Rights Act prior to asserting those claims against the non-diverse defendants" had no cause of action. Response at 7-8. Rivera v. Smith's Food and Drug Centers is inapposite, because the failure to exhaust administrative remedies is not analogous to an arbitration clause. A plaintiff must exhaust her administrative remedies as a jurisdictional prerequisite to bringing a claim, and failing to exhaust means that no court has jurisdiction. See Jones v. Runyon, 91 F.3d 1398, 1399 (10th Cir. 1996)("Exhaustion of administrative remedies is a jurisdictional prerequisite to suit under Title VII."); Mitchell-Carr v. McLendon, 127 N.M. 282, 288, 980 P.2d 65, 71 (1999)("[E]xhaustion of administrative remedies is a prerequisite to suit under the NMHRA, and a failure to exhaust administrative remedies may mean that the court lacks subject-matter jurisdiction.")(citing Luboyeski v. Hill, 117 N.M. 380, 382, 872 P.2d 353, 355 (1994)). In contrast, an arbitration clause involves deciding who will hear a dispute, and not whether the dispute may be heard at all, and an arbitration clause does not rob a court of jurisdiction. See 9 U.S.C. § 3 ("[T]he court in which such suit is pending . . . shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . . ."); Parrish v. Valero Retail Holdings, Inc., 727 F. Supp. 2d 1266, 1281 (D.N.M. 2010)(Browning, J.)("The Tenth Circuit has cautioned that, when one of the parties petitions the court to stay an action pending compulsory arbitration, the mandatory language of 9 U.S.C. § 3 is binding, and it is error for the court to dismiss the action." (citing Adair Bus Sales, Inc. v. Blue Bird Corp., 25 F.3d 953, 955 (10th Cir.1994)). The Court therefore does not find Rivera v. Smith's Food and Drug Centers to be on point or particularly informative.

The Defendants contend that Prima Paint Corp. v. Flood & Conklin Manufacturing Co. stands for the proposition that "courts are without authority to address the merits of claims that are

with the Plaintiffs that the dispute, which involves Bio-Tec's claims against Adams -- where Bio-Tec is not a signatory to the arbitration clause -- is not a "dispute or disagreement solely between or among" members of Bio-Tec.  Notice of Removal ¶ 6, at 3.  Cf. Thompson v. THI of N.M. at Casa Arena,  No. CIV 05-1331 JB/LCS, 2008 WL 5999653, at *14-15 (D.N.M. Dec. 24, 2008)(Browning, J.)("A non-signatory to an arbitration agreement generally cannot be forced to arbitrate claims."  (citing AT&T Tech. Inc. v. Commc'n. Workers of Am., 475 U.S. 643, 649 (1986))).  Additionally, "[t]he state court explicitly acknowledged that 'there are no New Mexico cases that address' the issue [whether a non-signatory LLC is bound by an arbitration clause], and 'there is a split in . . . authority' outside New Mexico."  Reply at 4.  Given that reasonable jurists may disagree on this point -- as the split in authority and the Court's inclination demonstrate -- the Court cannot say that"the issue [is] capable of summary determination and be proven with complete certainty."  Smoot v. Chicago, 378 F.2d at 882.  See Monsanto v. Allstate Indemnity Co., 2000 WL 525592, at *2 (stating that "remand is required if any one of the claims against the non-diverse defendant . . . is possibly viable").  On the contrary, the Court concludes that the Plaintiffs' claims against Adams are"possibly viable."  Nerard v. AstraZeneca Pharm., Inc., 203 F. App'x at 914.  The Court therefore concludes that the Plaintiffs did not fraudulently join Adams.

The Defendants appear to concede that the Plaintiffs' claim against Adams are viable, but just not in federal court, thus, there is no dispute for the purposes of this Motion that the Plaintiffs have claims against Adams.  The Defendants contend, however, that the Plaintiffs' claims are not

---

subject to arbitration once the determination is made that the claims are in fact subject to arbitration."  Response at 6.  The Supreme Court in that case stated that a court must first "satisf[y] [itself] that the issue is arbitrable under the agreement."  Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. at 400.  Moreover, "it is familiar law that a federal court always has jurisdiction to determine its own jurisdiction."  United States v. Ruiz, 536 U.S. 622, 627 (2002).  Therefore, the state court, like a federal court, has jurisdiction to determine the scope of the arbitration clause.

"possibly viable" in federal court, because the state court determined that all the claims against Adams are arbitrable.  The Court cannot say that the state court's determination is conclusive on the issue that the Court must decide.  Even if Judge Bacon has correctly construed New Mexico law -- an issue that the Court should not decide if it lacks diversity jurisdiction -- there is enough of an issue about the scope of the arbitration that the Court cannot say joinder was fraudulent.  That the issue for the Court is the scope of the arbitration clause does not alter the standard for fraudulent joinder in federal court: the Plaintiffs' claims against Adams may be viable in federal court.

## II.   THE PLAINTIFFS DID NOT FRAUDULENTLY JOIN BAHADIRLI.

There is also a possibility that the Plaintiffs can state a viable claim against Bahadirli.  The Plaintiffs allege that Bahadirli "traveled extensively with defendant Adams on [Bio-Tec Environmental]'s expense account," Amended Complaint ¶ 5, at 2, and that she "call[ed] on customers and business contacts of [Bio-Tec Environmental] at a time when Adams was still employed and owed fiduciary duties to [Bio-Tec Environmental]," Amended Complaint ¶ 28, at 6. The Plaintiffs further allege that "Bahadirli knew, or reasonably should have known, that her expenses were being paid by [Bio-Tec Environmental], yet accepted the payment and was thereby unjustly enriched."  Amended Complaint ¶ 29, at 6.

> "New Mexico has long recognized actions for unjust enrichment." <u>Ontiveros Insulation Co. v. Sanchez</u>, 2000-NMCA-051, ¶ 11, 3 P.3d 695, 698-99 (citing <u>Tom Growney Equip., Inc. v. Ansley</u>, 119 N.M. 110, 112, 888 P.2d 992, 994 (Ct. App.1994)). To prevail on an unjust enrichment claim, a party must demonstrate that: "[i] another has been knowingly benefitted at one's expense [ii] in a manner such that allowance of the other to retain the benefit would be unjust." <u>Ontiveros Insulation Co. v. Sanchez</u>, 2000-NMCA-051, ¶ 11, 3 P.3d at 698-99.  "The theory has evolved largely to provide relief where, in the absence of privity, a party cannot claim relief in contract and instead must seek refuge in equity." <u>Id.</u> ¶ 11, 3 P.3d at 698-99.  <u>See</u> <u>Credit Inst. v. Veterinary Nutrition Corp.</u>, 2003-NMCA-010, ¶ 21, 62 P.3d 339, 344; <u>Hydro Conduit Corp. v. Kemble</u>, 110 N.M. 173, 175, 793 P.2d 855, 857 (1990).

Applied Capital, Inc. v. Gibson, No. Civ 05-98 JB/ACT, 2007 WL 5685131, at *13 (Sept. 27, 2007)(Browning, J.).   The Plaintiffs have thus pled allegations supporting a prima-facie case of unjust enrichment: Bahadirli knowingly benefitted from Adams' misuse of Bio-Tec's funds.   The Plaintiffs' claims against Bahadirli are thus "possibly viable," Nerard v. AstraZeneca Pharm., Inc., 203 F. App'x at 914, and the Court concludes that the Plaintiffs did not fraudulently join Bahadirli, see Montano v. Allstate Indemnity Co., 2000 WL 525592, at *2; Nerad v. AstraZeneca Pharms., Inc., 203 F. App'x at 913.   Removal of the action was thus improper, because no federal jurisdiction currently exists.   See 28 U.S.C. § 1332.   Because the Court does not currently have jurisdiction over this action, the Court will remand the case to the New Mexico's Second Judicial District Court.

## III.   THE COURT WILL DENY THE PLAINTIFFS' REQUEST FOR COSTS AND FEES.

The Plaintiffs ask the Court to order the Defendants to bear costs and expenses, including attorneys fees, incurred as a result of the removal, because the Defendants improvidently removed the case.   The Plaintiffs contend that "removal is a 'tactic' only, designed to interfere with plaintiffs' undisputed right to an immediate appeal of the trial court's decision ordering arbitration, and to end run application of abstention doctrines in a related case."   Motion at 9.   "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).   The Supreme Court has relatively recently clarified the standards governing an award of fees under § 1447(c) in a case from the United States District Court for the District of New Mexico and from the Tenth Circuit.   In Chief Justice Roberts' first written opinion for the Supreme Court, the Supreme Court stated: "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis

exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).  It is not necessary that the plaintiff show that the defendants acted in bad faith to win attorney's fees.  See Topeka Housing Auth. v. Johnson, 404 F.3d 1245, 1248 (10th Cir. 2005).  The Court finds that the Defendants made good-faith arguments, with supporting authority, that removal was appropriate. The Defendant's argued that, because Prima Paint Corp. v. Flood & Conklin Manufacturing Co. established that "courts are without authority to address the merits of claims that are subject to arbitration once the determination is made that the claims are in fact subject to arbitration," Response at 6, that the Court has no authority to decide the Plaintiffs' claims against Adams.  While the Court agrees that this principle flows from Prima Paint Corp. v. Flood & Conklin Manufacturing Co., a court must nonetheless first "satisf[y] [itself] that the issue is arbitrable under the agreement." 388 U.S. at 400.  The state court held that the arbitration clause applies in this case.  It is not unreasonable for the Defendants to argue that this conclusion was ineluctable.  While the Court does not agree that Adams was fraudulently joined, the Court cannot say that it is objectively unreasonable to assert as much.  The Court will therefore deny the Plaintiffs' requests for costs and fees under 28 U.S.C. § 1447(c).

**IT IS ORDERED** that: (i) the Plaintiffs' Expedited Motion to Remand, filed March 28, 2011 (Doc. 14) is granted in part and denied in part; (ii) the Court remands this case to the District Court of the Second Judicial District Court, County of Bernalillo, New Mexico; (iii) the Court denies the Plaintiffs' request for fees and costs; (iv) the Court grants Defendants James Rooney's and Carl Doellstedt's Motion to file a Surreply, filed April 20, 2011 (Doc. 30); (v) the Court grants the Plaintiffs' Motion to Extend Briefing Schedule on "Other Motions" Pending Ruling on Motion to Remand, filed March 30, 2011 (Doc. 17); and (vi) the Court grants the Joint Motion to Seal Court

Record, filed March 28, 2011 (Doc. 24).

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

J. Douglas Foster
Geoffrey D. Rieder
Travis G. Jackson
Foster, Rieder & Jackson, P.C.
Albuquerque, New Mexico

    *Attorneys for the Plaintiffs*

Charles A. Armgardt
Modrall Sperling Roehl Harris & Sisk, P.A.
Albuquerque, New Mexico

    *Attorneys for Defendants Samuel Adams and Nevin Bahadirli*

Henry M. Bohnhoff
Andrew G. Schultz
Rodey Dickason Sloan Akin & Robb, P.A.
Albuquerque, New Mexico

-- and --

Corey M. Shapiro
Anthony T. Eliseuson
William M. Gantz
SNR Denton US, LLP
Chicago, Illinois

    *Attorneys for Defendants James Rooney and Carl Doellstedt*

Marcus E. Garcia
Law Office of Marcus E. Garcia
Albuquerque, New Mexico

    *Attorneys for Defendant Joy Evans*